```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
                         DALLAS DIVISION

LADONNA SEARCY ALEXANDER,       §
Individually, and               §
as Administrator of,            §
and on behalf of, the Estate    §
of Andrew Rico, Jr., Deceased,  §
                                §
                    Plaintiffs, §
                                § Civil Action No. 3:07-CV-1137-D
VS.                             §
                                §
LINCARE INC., et al.,           §
                                §
                    Defendants. §
```

## MEMORANDUM OPINION AND ORDER

In this case removed on the basis of diversity of citizenship, plaintiff's motion to remand presents the question whether the removing defendant has met its heavy burden of establishing that there is no reasonable basis for the court to predict that the plaintiff might be able to recover under Texas law against the Texas-citizen defendant. Concluding that the defendant has not made this showing, the court grants plaintiff's motion and remands this case to state court.

I

Plaintiff's decedent, Andrew Rico, Jr. ("Rico"), began experiencing life-threatening medical problems that required that he be connected to liquid oxygen.[1] With the assistance of his

---

[1]In reciting the facts of the case, the court resolves all disputed questions of fact in favor of the nonmoving party. *See Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

family, Rico contracted with defendant Lincare, Inc. ("Lincare") to provide a liquid oxygen reservoir ("LOR") in his home. There were numerous problems with the equipment, prompting complaints to Lincare from Rico and his family. In response, defendant Lanean Lang ("Lang"), a respiratory therapist employed by Lincare, visited Rico's home to inspect the equipment. During her visit, Lang misstated that Lincare's equipment was working properly. As a result of her negligent maintenance, Rico died of respiratory failure one week later.

Plaintiff LaDonna Searcy Alexander ("Alexander"), individually and as administrator of Rico's estate,[2] filed suit in Texas state court against Lincare, Lang, and Nellcor Puritan Bennett LLC ("Nellcor"), the manufacturer of the LOR. Alexander sued all three defendants for negligence and gross negligence in manufacturing, designing, and maintaining the LOR.[3]

With the other defendants' consent, Lincare removed the case to this court based on diversity of citizenship. In its notice of removal, Lincare maintained that Lang's Texas citizenship should be

---

[2]The caption of this case refers to Alexander in the plural as "plaintiffs." In her motion to remand, however, Alexander refers to herself as "plaintiff." Based on her use of the term, and because it appears that Alexander is a single plaintiff who is bringing suit in dual capacities, the court will refer to her as "plaintiff."

[3]She also asserted claims against Lincare and Nellcor, but not Lang, based on strict liability, the Texas Deceptive Trade Practices-Consumer Protection Act, the Texas Business and Commerce Code, and spoliation.

disregarded because she had been improperly joined to defeat diversity jurisdiction. Lang's joinder defeats complete diversity because Alexander is also a Texas citizen. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). Additionally, Lang's presence as a defendant prevents removal under 28 U.S.C. § 1441(b) because she is a citizen of the state in which suit was brought. Lincare maintains that, under Texas law, Alexander has no possibility of recovering against Lang individually, and that Lang is therefore improperly joined as a defendant.

Alexander moves to remand the case. Lincare opposes the motion and also moves to dismiss. The court need only decide Alexander's motion to remand.

II

"The doctrine of improper joinder . . . entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). "When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper." *Id.* at 576. Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiffs are unable to establish a cause of action against the non-diverse defendant in state court. *Id.* at 573 (citing

*Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

Under the second alternative—the one at issue in this case—the test for improper joinder "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*[4]

There are two "proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law." *Id.*

> The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.

*Id.* (footnote omitted). In cases where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* The decision to conduct such an inquiry rests within the discretion of the trial court and "is appropriate only to identify the presence of discrete and undisputed facts that

---

[4]"A 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Smallwood*, 385 F.3d at 573 n.9 (quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-74. "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Id.* at 574.

Thus if Lincare fails to meet its heavy burden of establishing that there is no reasonable basis for this court to predict that Alexander might be able to recover against Lang under Texas law, this case must be remanded to state court.

### III

Relying principally on *Leitch v. Hornsby*, 935 S.W.2d 114 (Tex. 1995), and other decisions that follow *Leitch*, Lincare maintains that a corporate employee such as Lang is not personally liable for her negligent acts committed within the scope of her employment, unless she owed an independent duty of reasonable care to the plaintiff. Lincare contends that Alexander cannot establish that Lang owed an independent duty of care to Rico (and, through Rico, to Alexander, Rico's administrator).

### A

In *Leitch* the Texas Supreme Court held that officers and directors of the plaintiff's corporate employer could not be held liable for negligence in failing to furnish the plaintiff with safety equipment that would have prevented his work-related injuries. *Leitch*, 935 S.W.2d at 116. This was because the employer corporation, not the individual corporate officers, had

the duty to provide the plaintiff-employee a safe workplace. *Id.* at 117. But the court also recognized that a corporate officer or agent *can* be held individually liable to others for negligence when she owes an independent duty of reasonable care to the injured party, apart from the employer's duty, and she breaches that duty. *Id.* The court cited as an example the circumstance of a corporate agent who negligently causes an auto accident in the course and scope of his employment. *Id.* "Because the agent owes a duty of reasonable care to the general public regardless of whether the auto accident occurs while driving for the employer, individual liability may attach." *Id. Leitch*'s explicit acknowledgment that a plaintiff can recover against a corporate employee acting within the scope of her employment—so long as the employee owes the plaintiff an independent duty of reasonable care—suggests that Alexander can recover against Lang individually for negligence, provided Lang owed a duty to Rico and breached that duty through negligence.

The general rule in Texas has always been that "[a] corporation's employee is personally liable for tortious acts which he directs or participates in during his employment." *Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984). *See*, *e.g.*, *Walker v. Anderson*, 232 S.W.3d 899, 918 (Tex. App. 2007, no pet.) ("[I]t is the general rule in Texas that a corporation's employee is personally liable for tortious acts which he directs or

participates in during his employment." (quoting *Leyendecker & Assocs.*, 683 S.W.2d at 375)); *Graham Land & Cattle Co. v. Indep. Bankers Bank*, 205 S.W.3d 21, 32 (Tex. App. 2006, no pet.) ("[A]n employee who commits, directs or participates in a tortious act while acting within the scope of his employment is personally liable for those acts."); *Morris v. Kohls-York*, 164 S.W.3d 686, 695 (Tex. App. 2005, pet. dism'd) ("Corporate agents are individually liable for fraudulent or tortious acts committed while in the service of their corporation."); *Cimarron Hydrocarbons Corp. v. Carpenter*, 143 S.W.3d 560, 564 (Tex. App. 2004, pet. denied) ("It is a longstanding rule in Texas that a corporate agent is personally liable for his own fraudulent or tortious acts, even when acting within the course and scope of his employment."); *Gore v. Scotland Golf, Inc.*, 136 S.W.3d 26, 32 (Tex. App. 2003, pet. denied) ("The longstanding rule in Texas is that a corporation's employee is personally liable for tortious acts which he directs or participates in during his employment.") (internal quotation marks and brackets omitted)); *Kingston v. Helm*, 82 S.W.3d 755, 758 (Tex. App. 2002, pet. denied) ("[T]he longstanding rule in Texas is that a corporation's employee is personally liable for tortious acts which he directs or participates in during his employment." (internal quotations and brackets omitted)). Except for *Leyendecker & Assocs.*, all the cited cases were decided after *Leitch*. Nothing in *Leitch* suggests that the court intended to

alter the general rule that a company employee is personally liable for tortious conduct in which she participates during the course and scope of her employment, provided she owes a legal duty to the person who brings the claim against her. The cited decisions from various Texas Courts of Appeals suggest that the general rule of individual liability of a corporate employee for her own tortious acts is still in effect.[5]

B

There have been a number of post-*Leitch* Texas cases that involve claims of negligence against therapists and nurses, in their individual capacities, for acts committed within the scope of their employment.[6] *See Hensarling v. Covenant Health Sys.*, 2006 WL 507961, at *1 (Tex. App. Mar. 1, 2006, no pet.) (not designated for publication) (negligence claim against nurse individually); *Morrell v. Finke*, 184 S.W.3d 257, 261 (Tex. App. 2005, pet. denied) (negligence suit against nurses individually); *Columbia Med. Ctr. of Las Colinas v. Bush*, 122 S.W.3d 835, 841 (Tex. App. 2003, pet.

---

[5]One Texas Court of Appeals has limited the scope of *Leitch*, holding that it does not apply to suits brought by third parties against corporate employees. "[T]he facts in *Leitch* involved liability of a corporate agent to employees of the corporation, not liability to a third party. *Leitch* has no application to the facts of this case." *PWS Foods, Inc. v. Taco Bell Corp.*, 2002 WL 523697, *7 n.3 (Tex. App. Apr. 9, 2002, no pet.) (not designated for publication).

[6]The court is not aware of any negligence suits against a respiratory therapist, such as Lang. Thus a negligent treatment claim against a physical therapist or nurse is the closest analogue.

denied) (negligence suit against nurse individually); *Finlay v. Olive*, 77 S.W.3d 520, 522 (Tex. App. 2002, no pet.) (negligent treatment suit against therapist personally); *Thomas v. Parker*, 2000 WL 280293, at *1 (Tex. App. Mar. 16, 2000, no pet.) (not designated for publication) (negligence suit against physical therapist individually); *Steinkamp v. Caremark*, 3 S.W.3d 191, 193 (Tex. App. 1999, pet. denied) (negligent treatment claim against nurse individually). None of these decisions directly addresses whether nurses or therapists owe a duty of reasonable care that is independent of their employer's duty of care. But the courts in these cases appear to assume that there is such an independent duty. In two cases, *Morrell* and *Columbia Medical Center*, the court affirmed jury verdicts against the nurses individually. At the very least, these cases show that Lincare cannot meet its heavy burden of establishing that there is no reasonable basis for the court to predict that Alexander might be able to recover under Texas law against Lang individually for her negligent acts committed within the scope of her employment.

Federal court decisions that comment on *Leitch* in the context of motions to remand confirm the court's conclusion that Alexander has some possibility of recovering against Lang individually. In *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290 (5th Cir. 2000), a plaintiff who was abducted from a Wal-Mart parking lot and raped sued the local store manager in state court. *Id.* at 291.

Following removal, the district court denied plaintiff's motion to remand, concluding that the plaintiff had no possibility of recovering against the manager individually. *Id.* The Fifth Circuit reversed and ordered the case to be remanded to state court, holding that the plaintiff had "stated a valid Texas law cause of action against [the store manager]." *Id.* at 291, 293-94 n.5 (internal quotation marks omitted). The panel distinguished *Leitch* on the same basis as did a Texas court of appeals in *PWS Foods*. "*Leitch* was not a premises case and we cannot say with full confidence that it will be applied outside of the employer-employee context. Nothing in it expressly reflects that it would be so extended." *Id.* at 293-94 n.5 (internal quotation marks omitted).

Following *Valdes,* a district court remanded a case where the plaintiff, a third-party customer, asserted a negligence claim against the store manager individually for failing to provide a safe premises after a ladder in the store fell on top of the plaintiff. *Guevara v. Wal-Mart Stores, Inc.*, 2007 WL 397490, at *1 (S.D. Tex. Feb. 1, 2007). After discussing *Leitch*, the court concluded that "[a]t most, [the defendant] has identified an ambiguity in state law." *Id.* at *4.

Dealing with a suit very similar to the present case, the court in *Guzman v. Cordero*, 481 F.Supp.2d 787 (W.D. Tex. 2007), reached a similar conclusion. The *Guzman* plaintiffs brought a negligence suit against Wal-Mart and a Wal-Mart courtesy technician

who inspected the plaintiffs' car and advised them that the tires were safe and serviceable. *Id.* at 788. The next day, the tread separated on one tire, causing a rollover and serious injuries. *Id.* When the plaintiffs sued the technician and Wal-Mart for negligence, Wal-Mart removed the case on the basis of improper joinder. The district court remanded the case, holding that despite *Leitch*, the plaintiffs had a reasonable possibility of recovering against the technician individually. *Id.* at 790. The court reasoned that *Leitch* recognized that an employee could be liable if she breached a duty of care owed independent of the employer's duty of care, that it was possible that the technician owed such a duty, and that, unlike the defendants in *Leitch*, the technician was directly and personally involved in conduct that allegedly caused the plaintiffs' injuries. *Id.* The court also noted that it is well settled in Texas that an individual undertaking to provide services to another owes a duty of reasonable care. *Id.* The court essentially distinguished *Leitch*, holding that although the corporate officers in *Leitch* owed no duty—independent of the duty owed by the corporate employer—to furnish a safe workplace to their employees, the court could not say with certainty that the same was true regarding an employee who was directly engaged in providing a service to a customer. *Id.*

Alexander's claim against Lang for negligent maintenance of medical equipment is virtually indistinguishable in principle from

the plaintiffs' suit against the service technician in *Guzman*. As in *Guzman*, Lang was "directly engaged in providing a service to a customer" and affirmatively informed Rico and his family that the medical device that she had allegedly serviced was in good working condition. *Id.* at 788-90. As a result of such negligent maintenance, Rico died of respiratory failure.

Lincare cites three district court cases that denied motions to remand based on *Leitch*. *Allen v. Home Depot U.S.A., Inc.*, 2004 WL 2270001, at *3 (W.D. Tex. Oct. 6, 2004); *Bueno v. Cott Beverages, Inc.*, 2004 WL 1124927, at *4 (W.D. Tex. Mar. 15, 2004); *Palmer v. Wal-Mart Stores, Inc.*, 65 F.Supp.2d 564, 567 (S.D. Tex. 1999). All three cases involved a customer-invitee plaintiff suing a business manager who had no direct relations with the plaintiff. *See Allen*, 2004 WL 2270001, at *1; *Bueno*, 2004 WL 1124927, at *1; *Palmer*, 65 F.Supp.2d at 565-66. As the *court* has already pointed out, the negligence suits in these three cases, where the employee-defendants did not directly provide services to the customer-invitees, are much more akin to the suit in *Leitch* than to Alexander's claim against Lang, who affirmatively engaged in conduct directly affecting Rico. Even apart from this significant difference, however, the claims in *Allen*, *Bueno*, and *Palmer* are indistinguishable from the premises liability suit that the Fifth Circuit remanded in *Valdes*. Moreover, as noted *supra* at note 5, in line with *Valdes*, a Texas Court of Appeals has limited *Leitch* to

cases in which the plaintiff is an employee of the defendant's employer. *PWS Foods* 2002 WL 523697, at *7 n.3.

C

The court therefore holds that Lincare has failed to shoulder its heavy burden of establishing that there is no reasonable basis for the court to predict that Alexander might be able to recover under Texas law against Lang individually for negligence or gross negligence in the maintenance of medical equipment. Therefore, it has failed to demonstrate that Lang was improperly joined as a defendant. Because the parties are not completely diverse citizens and defendant Lang is a Texas citizen, this case must be remanded to state court.

IV

Alexander requests that the court award her attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). The court denies the request.

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). In light of the ambiguities in the caselaw developed since

*Leitch*, and the existence of at least three district court cases that rely on *Leitch* to deny motions to remand, the court concludes that Lincare had an objectively reasonable basis to remove this case.

\* \* \*

The court grants plaintiff's July 25, 2007 motion to remand because this court lacks subject matter jurisdiction. See 28 U.S.C. § 1447(c). This action is remanded to the 101st Judicial District Court of Dallas County, Texas. The clerk shall effect the remand in accordance with the usual procedure.

Lincare's August 13, 2007 motion to dismiss is denied without prejudice as moot.

**SO ORDERED.**

November 27, 2007.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE